MICHAEL GORDON ET AL.

v.

JOHN GORDON ET AL.

*Practice—Incomplete Record—Presumption of Regularity of Judicial Proceedings—Dismissal of Bill for Want of Prosecution—Motion to Set Aside Decree.*

1.   In the absence of a complete record this court is bound to indulge in every reasonable presumption in favor of the regularity of the proceedings of the court below.

2.   Before a complainant can challenge the propriety of a decree dismissing his bill, he must bring the bill itself before the court, or it will be presumed in support of the decree that no meritorious grounds for relief are shown.

3.   The dismissal of a bill for want of prosecution, while the cause is pending on a reference before a master, may, under certain circumstances, be proper.

4.   This court declines to consider a motion to set aside a decree, as it does not appear to have been made at the term at which the decree was entered nor that it was ever decided by the court below.

## [Opinion filed February 1, 1888.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. L. E. DEWOLF, for plaintiffs in error.

Messrs. MERRIAM & WHIPPLE, for defendants in error.

BAILEY, J.   In this case the attorney for the plaintiff in error has filed in the office of the clerk of the Circuit Court a *præcipe*, directing him to certify to this court a transcript of the decree of the court below dismissing the suit, and of the affidavits contained in the certificate of the evidence heard on the motion to vacate the decree of dismissal.   A transcript containing copies of the portions of the record designated by the *præcipe*, and of those portions only, has been filed in this court, and upon such transcript the plaintiff in error has assigned errors.

In the record thus presented we have a decree entered at the May term, 1887, of the Circuit Court, in a certain cause then pending in said court, wherein Michael Gordon and others were complainants, and John Gordon and others were defendants, dismissing the cause out of court at the costs of the complainants for want of prosecution, and a certificate of evidence filed in said court, at the June term, 1887, purporting to

contain all the evidence heard by the court on a motion to set aside said decree of dismissal. The transcript brings up no portion of the pleadings, nor does it appear whether the motion to vacate the decree was entered at the May or June term, or what disposition was made of said motion, or whether it was ever decided by the court below. The only errors assigned call in question merely the propriety of the decision of the court entering the decree of dismissal.

It is manifest that upon such a record the assignments of error can not be sustained. In the absence of a complete record this court is bound to indulge in every reasonable presumption in favor of the regularity of the proceedings of the court below. It is true that in chancery cases the decree must be supported by the record, but where the entire record is not brought before us, we see no reason why we may not presume that the omitted portions are sufficient to warrant the decree. As the pleadings are not before us, we have no information as to the equities set up in the complainant's bill, nor as to the relief which they sought to obtain. So far as appears, their case, as shown by the bill, may be wholly without merit. So far as we can know, the bill may have shown no ground for equitable relief or no ground for relief in any form, or in any forum. Before a complainant can challenge the propriety of a decree dismissing his bill, he must bring the bill itself before the court, or it will be presumed, in support of the decree, that no meritorious grounds for relief are shown.

We can not consider the complainant's motion to set aside the decree, for the two-fold reason: 1. That it does not appear to have been made at the term at which the decree was entered. After the term had elapsed, it was beyond the power of the court to vacate it. 2. As it does not appear that the motion was ever decided by the court below, it presents no question to be determined here. The decree, then, can be reversed only for matters appearing in the record proper, and as no portion of that record but the decree is brought here, there is nothing upon which to base a charge of error.

The only ground set up in the affidavits is, that at the time the bill was dismissed the cause was pending before the master upon a reference to take proofs and report his findings. If. it was error to dismiss the suit while pending before the master, such error should be shown by the record and not by the affidavits.   A record can be tried in an Appellate Court only by itself.   The order of reference should have been embodied in the transcript, and the pleadings and other matters of record, if such there are, should have been brought here, sufficient to show that the dismissal of the case was, under the circumstances, such an irregularity as must necessitate a reversal of the decree.

We are by no means prepared to say that the dismissal of a bill in chancery for want of prosecution while the cause is pending on a reference before a master, may not, under certain circumstances, be entirely proper.   The failure to prosecute may consist in a failure to proceed before the master, and more than the mere fact that a reference is pending is necessary to show that such dismissal is error.

We find no error in the record, and therefore affirm the decree.

*Decree affirmed.*